IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, | § § § § § § § § § § § § | Civil Action No.: 3:24-cv-01289 |
| Plaintiffs, | | |
| v. | | **JURY DEMANDED** |
| BURKITT RIDGE APARTMENTS, LLC AND REGENT HOMES, LLC, | | **Judge Campbell, Jr.**<br>**Magistrate Judge Alistair Newbern** |
| Defendants. | | |

## **INITIAL CASE MANAGEMENT ORDER**

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A calendar date shall be proposed for each deadline.

A. **JURISDICTION:** The Court has jurisdiction pursuant to **28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).**

B. **BRIEF THEORIES OF THE PARTIES:** *These statements shall briefly summarize the parties' positions and shall not be a recitation of the pleadings or argument of the claims.*

**PLAINTIFFS:**

Plaintiff Chelsie Nitschke is a quadriplegic that uses a wheelchair. Plaintiff Cynthia George is a handicapped individual who uses assistive devices to ambulate ("Plaintiffs"), brings this action against Defendants Burkitt Ridge Apartments, LLC and Regent Homes, LLC ("Defendants"),

alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619. The FHA specifically requires that apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with certain minimum accessible features for people with disabilities. All common areas, public areas and ground floor units and units served by elevators are required to comply with the FHA accessibility requirements. Plaintiffs bring this civil rights action against Defendants based on the Defendants' failure to design and/or construct apartments with accessible features for people with disabilities as required by the FHA and ADA. Defendants' apartment complex, the Crest at Burkitt Ridge, 6944 Burkitt Road, Cane Ridge, Tennessee 37013 (the "Property"), which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiffs seek a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiff also seeks damages as permitted by federal law.

**DEFENDANTS:**

Burkitt Ridge Apartments, LLC ("Burkitt Ridge") and Regent Homes, LLC ("Regent") deny all claims and relief sought by Plaintiffs and assert that the Property is compliant with all requirements of federal law, including the FHA. Burkitt Ridge and Regent assert that every purported cause of action is too vague and uncertain to provide a reasonable basis for granting relief and Plaintiffs seek excessive damages that, if awarded, would result in unjust enrichment. Defendants have reason to believe that Plaintiffs are "testers" of accessibility at newly constructed multi-family properties. Therefore, Plaintiffs' claims may be moot, or Plaintiffs may lack standing because they do not use assistive devices, have no intention to return to the property, and/or have not suffered a concrete and particularized injury. Regent asserts that at all times relevant to this

lawsuit, it conducted its practices in good faith and in accordance with all applicable statutes, codes, laws, rules, regulatios, industy best practices, standards of care, etc, without discriminatory intent. Burkitt Ridge denies that it acted with the intent to discriminate against Plaintiffs or similarly situated individuals and denies that it implemented any policies or practices with the intent to discriminate against Plaintiffs or similarly situated individuals.

    **C.**     **ISSUES RESOLVED: Jurisdiction and venue.**

    **D.**     **ISSUES STILL IN DISPUTE: Liability and damages, including but not limited to:**

        1. Did Defendants participate in the design or construction of the Apartments?

        2. Are there any features of the Apartments that fail to comply with FHA or ADA design and construction requirements?

        3. If so, which features are noncompliant and what remediation is appropriate, if any?

        4. If so, do any of Defendants' Affirmative Defenses apply such that Defendants are not liable to Plaintiffs?

        4. What damages and injunctive relief should be awarded, if any?

    **E.**     **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before January 10, 2025.

    **F.**     **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 2 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution

plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, or by August 28, 2025 , the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

G. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before August 15, 2025. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than April 25, 2025. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery dispute may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s)

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may

attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than July 18, 2025.

H. **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than April 30, 2025.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

I. **DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before April 3, 2025. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before May 16, 2025. All expert witnesses shall be deposed on or before August 15, 2025.

Plaintiff's position is that, to complete an expert report, Plaintiff will need access to the public and common areas of the apartment complex as well as a representative sampling of a number of two (2) of each unit type approximately sixty (60) days before the due date. Plaintiff has requested an inspection on January 8, 2025 and Defendants have provided available dates for a Property inspection in February 2025, due to scheduling conflicts.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are

not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

    **J.**    **NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

    **K.**    **MOTIONS FOR CLASS OR COLLECTIVE ACTION CERTIFICATION:**
N/A

    **L.**    **DISPOSITIVE MOTIONS:**

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than October 27, 2025. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 10 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

    **M.**    **ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to

address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

N.     **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the 5 requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O.     **REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must

specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

P.   **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately 3-4 days. The target trial date is April 7, 2026. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge